1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9    Julio Cesar Morales,                     No. CV-14-01729-PHX-DJH
10                    Petitioner,              **ORDER**
11   v.
12   Charles L. Ryan, et al.,
13                    Respondents.
14

15        This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus
16   pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R")
17   issued by United States Magistrate Judge Bridget S. Bade (Doc. 13).
18        Petitioner raises two grounds for relief in the Petition.  In Ground One, Petitioner
19   alleges his second trial counsel, David Gregan, provided ineffective assistance in
20   violation of the Sixth Amendment by promising Petitioner a more favorable plea deal
21   than the available offer of 3.5 years in prison; Plaintiff instead received eight years.
22   (Doc. 1 at 6).  In Ground Two, Petitioner alleges his first trial counsel, Kent Volkmer,
23   provided ineffective assistance in violation of the Sixth Amendment by failing or refusing
24   to accurately convey the original plea offer to Petitioner.  (Doc. 1 at 7).  After a thorough
25   and well-reasoned analysis, the Magistrate Judge determined that Petitioner failed to
26   show that the Arizona State Courts' rejection of his claims was based on an unreasonable
27   determination of the facts or that it was contrary to or an unreasonable application of
28   federal law.  Accordingly, the Magistrate Judge recommends the Petition be denied.

1  (Doc. 13 at 23).

2      Petitioner filed an Objection to the R&R ("Objection") (Doc. 14) on April 16,

3  2015.  Respondents have not filed a response to Petitioner's Objection. On April 27,

4  2015, Petitioner filed a Motion for Clarification (Doc. 15) in which he inquires whether

5  his Objection was in proper form.

6  **I. Background**

7      The Magistrate Judge described in the R&R the procedural and factual

8  background of the case.  (Doc. 13 at 1-9).  The Court therefore finds it unnecessary to

9  repeat the same information here.  Moreover, Petitioner has not objected to any of the

10  information in the background section.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989)

11  (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does

12  not on its face require any review at all . . . of any issue that is not the subject of an

13  objection.").

14  **II. Analysis**

15      Petitioner asserts in his Objection that the Magistrate Judge erred in

16  recommending that his ineffective assistance claims be denied.  Petitioner disagrees with

17  the Magistrate Judge's conclusion and argues that the State Court's decision was based

18  on an unreasonable determination of the facts, and is contrary to or an unreasonable

19  application of federal law.  Petitioner further contends the Magistrate Judge erred in

20  recommending that a certificate of appealability and leave to proceed in forma pauperis

21  on appeal be denied.  Lastly, Petitioner argues that an evidentiary hearing should be

22  granted.

23      The district judge "shall make a de novo determination of those portions of the

24  report or specified proposed findings or recommendations to which objection is made."

25  28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must

26  determine de novo any part of the magistrate judge's disposition that has been properly

27  objected to."); *U.S. v. Reyna-Tapia,* 328 F.3d 1114, 1121 (same).  The judge "may

28  accept, reject, or modify, in whole or in part, the findings or recommendations made by

the magistrate judge."  28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

1

## A.  Merits of Claims

2       As noted above, Petitioner alleges in Ground One that Attorney Gregan provided

3   ineffective assistance of counsel by promising, but failing to obtain, a better plea offer.

4   Petitioner alleges in Ground Two that Attorney Volkmer provided ineffective assistance

5   by failing to accurately convey to Petitioner the original plea offer.  In his Objection,

6   Petitioner does not challenge the Magistrate Judge's discussion of the relevant legal

7   standards, including the strict standards to establish ineffective assistance under

8   *Strickland v. Washington,* 466 U.S. 668 (1984) and the highly deferential standard for

9   habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996

10  ("AEDPA").  (*See* R&R at 9-13).  Rather, Petitioner claims the Magistrate Judge erred in

11  the conclusions she reached upon applying the legal standards.  Petitioner contends his

12  lawyers were ineffective and the State Court's ruling to the contrary was sufficiently

13  erroneous to meet the high standard for habeas relief.  The Court disagrees.

14       Under the AEDPA, a habeas corpus petition cannot be granted unless the State

15  court decision was: (1) "contrary to, or involved an unreasonable application of, clearly

16  established Federal law, as determined by the Supreme Court of the United States," or

17  was (2) "based on an unreasonable determination of the facts in light of the evidence

18  presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).  The petitioner

19  bears the burden of proving the standards for habeas relief have been met.  *Woodford v.*

20  *Visciotti*, 537 U.S. 19, 25 (2002).  When applying this highly deferential standard of

21  review, "the federal court should review the 'last reasoned decision' by a state court ...."

22  *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  Accordingly, the Court has

23  reviewed the Memorandum Decision issued by the Arizona Court of Appeals on

24  February 10, 2014. (Doc. 11-2 at 83-83).[1]  That decision was issued after Petitioner filed

25  a petition for review of the trial court's denial of his petition for post-conviction relief.

26  (Doc. 11-2 at 65-81).

_____

27       [1] In conducting its *de novo* review, the Court has also reviewed the full State Court
28  record, paying special attention to the post-conviction proceedings, including the
    transcript of the evidentiary hearing in the trial court and the trial court's written decision
    denying Petitioner's petition for post-conviction relief.

The controlling Supreme Court precedent on claims of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a convicted defendant must show that counsel's performance was objectively deficient and counsel's deficient performance prejudiced the petitioner.  *Id.* at 687.  To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690.  When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  *Id.*  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.  Review of counsel's performance is "extremely limited."  *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance.  *Id.* at 691-92.  To show prejudice, a petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."  *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding."  *Strickland*, 466 U.S. at 693.

A habeas court may proceed directly to the prejudice prong without deciding whether counsel's performance was deficient.  *Id.* at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*).  The court, however, may not assume

prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

In the context of a habeas petition, a petitioner must do more than demonstrate that the State Court applied *Strickland* incorrectly. *Bell*, 535 U.S. at 698-99. Rather, a petitioner must show the State Court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* Because the standards created by *Strickland* and § 2254(d) are both "highly deferential," review under both standards in tandem is even more deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

In its Memorandum Decision, the Arizona Court of Appeals rejected Petitioner's two claims of ineffective assistance. Regarding Attorney Gregan, the Court of Appeals explained that "[t]he [trial] court found that [Attorney Gregan] had told Morales and his girlfriend 'he believed that he could get a better deal,' not that counsel had unequivocally promised Morales a more favorable deal would become available." (Doc. 11-2 at 85). Regarding the claim against Attorney Volkmer, the Court of Appeals explained that the trial court properly relied on a recorded jail phone call between Petitioner and his mother that demonstrated Petitioner was aware of a two-year plea offer obtained by Attorney Volkmer but Petitioner chose to reject it. (*Id.*). Thus, the Court of Appeals affirmed the denial of Petitioner's post-conviction relief claims of ineffective assistance.

Here, the Court finds Petitioner has failed to demonstrate that the Court of Appeals decision affirming the trial court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2). First, with regard to Attorney Volkmer, who first represented Petitioner, this Court agrees with the trial court's discussion of the facts and application of the law in its decision denying post-conviction relief. (*See* Doc. 11-2 at 48-51). Based on the evidentiary hearing testimony of the first prosecutor and Mr. Volkmer, the trial court reasonably found that the

prosecutor extended a plea offer capping Petitioner's prison time at 3.5 years.  (Doc. 11-2 at 49).  Both witnesses further testified that a better offer calling for two years in prison was subsequently made but it had to be accepted quickly.  (*Id.*).

Although Petitioner and his girlfriend testified that the better offer was never communicated to Petitioner, the trial court relied on a recorded jail phone call between Petitioner and his mother to conclude Petitioner had been made aware of the better offer.  (*Id.*).  After summarizing the content of the call, the trial court concluded that "[b]ased on this call it appears that Mr. Volkmer did, in fact, transmit the two year offer and that Petitioner was aware of when it would expire."  (*Id.*).  Thus, the trial court found "no issue of ineffective assistance of counsel" regarding Plaintiff's claim against Attorney Volkmer.  (*Id.* at 50).

Based on the record, especially the testimony at the evidentiary hearing, this Court would have reached the same conclusion.  Mr. Volkmer testified that it is his practice to communicate all plea offers to his clients, and although he did not have a specific recollection of doing so here, one can certainly infer from the transcript of the jail phone call with Petitioner's mother that Petitioner knew about the two year offer.  Neither the trial court, nor the Court of Appeals in affirming the trial court, made an unreasonable determination of the facts in light of the evidence presented in the State Court, or unreasonable application of *Strickland*.  The Court therefore finds that Petitioner has failed to show that the State Courts' decisions denying his ineffective assistance claim against Attorney Volkmer satisfy the standards for habeas relief.  Thus, Petitioner's objection that the Magistrate Judge erred is rejected.

Regarding Attorney Gregan, this Court agrees with the trial court that "[t]he issue with Mr. Gregan is more problematic."  (Doc. 11-2 at 50).  The trial court explained that Petitioner and his girlfriend paid Gregan $500 for their initial meeting and then an additional $5,000 for him to represent Petitioner.  (*Id.*).  Gregan told them at the initial meeting that he believed he could get a better plea deal for Petitioner.  (*Id.*).  But during the ensuing five month period when he represented Petitioner, Gregan "wrote no letters, filed no motions, conducted no interviews nor sent any e-mails to the prosecutor."  (*Id.*).

Gregan testified at the evidentiary hearing that he called the prosecutor several times and that his calls were not returned, and that his only contact with the prosecutor was in the elevator at the courthouse.  (*Id.*).  The trial court found that Gregan's "obvious strategy was to wait out the prosecutor who he believed would not want to take the case to trial and who would sweeten the offer in order to avoid trying the case."  (*Id.*).  The trial court found that given his comments to Petitioner, Gregan based this strategy on his perceptions of the prosecutor as being lazy.  (*Id.*).  That strategy, however, backfired when the case was transferred to a new prosecutor, who withdrew the 3.5 year plea offer because it had been outstanding for so long.  (*Id.*).  Additionally, the new prosecutor failed to give Gregan any warning that if Petitioner did not accept the offer by a certain date it would be withdrawn, thus providing Gregan with no opportunity to notify Petitioner.  (*Id.*).

Based on these facts, the trial court found that "Mr. Gregan's strategy cannot be said to fall below an objective standard of reasonableness under prevailing professional norms."  (Doc. 11-2 at 50).  The trial court found that Gregan believed the first prosecutor was unlikely to try the case and had no reason to believe the second prosecutor would take over the case.  (*Id.*).  Further, had the second prosecutor warned him that the plea offer was going to be withdrawn, Gregan would have had time to advise Petitioner accordingly.  (*Id.*).  The trial court explained that although the second prosecutor was not required to give notice of the plea offer withdrawal, such notice was not unreasonable for Gregan to expect.  (*Id.*).

Although this Court is troubled by Mr. Gregan's failure to communicate with the first prosecutor in an attempt to obtain a better plea offer, as he told Petitioner he would do, and by his inaction in general, the Court cannot conclude that the trial court or the Court of Appeals applied *Strickland* in an objectively unreasonable manner.  Nor can this Court conclude that the trial court or the Court of Appeals based their decisions on an unreasonable determination of the facts.  The trial court reasonably determined the facts based on information provided during the evidentiary hearing.  The trial court then reasonably applied the legal standards in *Strickland* to those facts to reach its decision.

Likewise, the Court of Appeals reasonably applied the *Strickland* standards in affirming the trial court's decision.  Even if this Court would have reached a different conclusion on the merits of the claim against Attorney Gregan, the Court, at this stage of review, must apply the highly deferential habeas standard set forth above.  In doing so, the Court finds Petitioner has not shown he is entitled to habeas relief.

### B. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and the Court must state the specific issue or issues that satisfy the showing required for a certificate of appealability ("COA").  The Court is authorized to issue a COA "only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)).  "Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* at 336 (internal quotations and citations omitted).  A COA "does not require a showing that the appeal will succeed."  *Id.* at 337.

Petitioner claims the Magistrate Judge should not have recommended denial of a COA for his claims.  He argues that he has made a substantial showing of the denial of a constitutional right, thus satisfying the COA standard.

The Court agrees with Petitioner's argument with respect to the claim against Attorney Gregan but disagrees with respect to his claim against Attorney Volkmer.  For the reasons discussed above, the Court finds that reasonable jurists could debate whether the claim against Attorney Gregan should be resolved in a different manner.  The Court will therefore grant a COA for the ineffective assistance claim against Attorney Gregan.

Regarding Attorney Volkmer, however, the Court finds that clear evidence demonstrates Attorney Volkmer communicated the more favorable two-year plea offer to Petitioner and that the offer would remain open for only a short time.  The Court

therefore finds a COA should not issue for the claim against Attorney Volkmer.

### C. Evidentiary Hearing

Next, Petitioner claims he is entitled to an evidentiary hearing. Petitioner did not, however, request an evidentiary hearing in his Petition or Reply. (*See* Doc. 1 at 9; Doc. 12). Consequently, the Magistrate Judge did not address the issue in the R&R. Because the issue is raised for the first time in Petitioner's Objection, the Court declines to consider it because it has not been fairly presented for adjudication. *See Brown v. Roe*, 279 F.2d 742, 744 (9th Cir. 2002) (holding that a district court is not required to consider claims raised for the first time in a party's objection to a magistrate judge's recommendation).

However, even if the Court considered Petitioner's request for an evidentiary hearing, it would be denied. The standard for holding an evidentiary hearing in a habeas case is set forth in 28 U.S.C. § 2254(e)(2), which states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
>> (A) the claim relies on - (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Evidentiary hearings, however, are not authorized for claims adjudicated on the merits in the State court. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400-1401 (2011). Such claims are subject to review under § 2254(d)(1), which asks whether a State Court's decision on the claim was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 1398. "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

Evidence introduced in federal court would, therefore, have no bearing on the Court's review under § 2254(d)(1).  *Id.* at 1400.  As a result, evidentiary hearings pursuant to 28 U.S.C. § 2254(e)(2) are inapplicable to claims decided on the merits in State Court.  *Id.* at 1401.

As the above analysis demonstrates, the State Court adjudicated Petitioner's ineffective assistance claims on the merits.  Applying § 2254(d)(1), this Court has determined that the State Court decisions were not contrary to, and did not involve an unreasonable application of, clearly established Supreme Court law.  Under *Pinholster*, the Court's analysis was limited to the record before the State Court that decided the claims on the merits.  The Court could not consider any newly presented evidence.  Petitioner is therefore not entitled to an evidentiary hearing.

**III. Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Bade's R&R (Doc. 13) is **accepted** and **adopted**, except the recommendation to deny Petitioner a Certificate of Appealability for his claim against Attorney Gregan.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **granted** with respect to the ineffective assistance of counsel claim against Attorney Gregan because Petitioner has made a substantial showing of the denial of a constitutional right.  A Certificate of Appealability is **denied** with respect to the ineffective assistance of counsel claim against Attorney Volkmer because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Clarification (Doc. 15) is **DENIED** as moot.

. . . .

. . . .

- 10 -

1    **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action

2    and enter judgment accordingly.

3        Dated this 2nd day of November, 2015.

4

5

6    _____

7    Honorable Diane J. Humetewa
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28